UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>vs.<br><br>PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY,<br><br>*Defendant* | CIVIL ACTION NO.: 3:15-CV-02328 |

ANSWER TO AMENDED COMPLAINT

TO THE HONORABLE COURT:

**COMES NOW**, the defendant, the **PUERTO RICO DEVELOPMENT COMPANY ("PRIDCO")** through its undersigned counsels, and to this Honorable Court respectfully alleges, states, and prays:

ANSWER TO AMENDED COMPLAINT

NATURE OF THE ACTION

1.  The allegations on the first paragraph of the Amended Complaint do not require a responsive allegation due to it being a summary of the nature of the action. In the alternative, should a responsive allegation be required, they are denied.

2.  The allegations on the second paragraph of the Amended Complaint do not require a responsive allegation due to it being a summary of the nature of the action. In the alternative, should a responsive allegation be required, they are denied.

1

**JURISDICTION AND VENUE**

3. The allegations of the third paragraph of the Amended Complaint do not require a responsive pleading given that they deal with the jurisdiction and venue of the case at bar.

4. The allegations of the fourth paragraph of the Amended Complaint do not require a responsive pleading given that they deal with the jurisdiction and venue of the case at bar.

**DEFENDANT**

5. The allegations of the fifth paragraph of the Amended Complaint are accepted.

6. The allegations contained in the sixth paragraph of the Amended Complaint are denied as drafted. PRIDCO accepts that it has an indicia of ownership over the Real Estate Property (hereinafter "REP") defined in this paragraph of the Amended Complaint. In addition, PRIDCO affirms that the contaminated groundwater referred to in the Amended Complaint is not part of the REP. One of the plumes of groundwater is located **below** the REP and, by Law, does not and cannot belong to PRIDCO. *See* PRIDCO's Motion to Dismiss, Docket #4. The remaining two plumes of groundwater are neither on, over or below the REP.

**STATUTORY BACKGROUND**

7. The allegations of the seventh paragraph of the Amended Complaint do not require a responsive pleading given that they are a restatement of law. In the alternative, should a responsive allegation be required, they are denied.

8. The allegations of the eighth paragraph of the Amended Complaint do not require a responsive pleading given that they are a restatement of law. In the alternative, should a responsive allegation be required, they are denied.

9. The allegations of the ninth paragraph of the Amended Complaint do not require a responsive pleading given that they are a restatement of law. In the alternative, should a responsive allegation be required, they are denied.

10. The allegations of the tenth paragraph of the Amended Complaint do not require a responsive pleading given that they are a restatement of law. In the alternative, should a responsive allegation be required, they are denied.

### GENERAL FACTUAL ALLEGATIONS

11. The allegations of the eleventh paragraph of the Amended Complaint are denied as drafted. EPA fails to define the so-called "Site." However, PRIDCO affirms that the location of the REP is consistent with the allegations of this paragraph.

12. The allegations of the twelfth paragraph of the Amended Complaint are accepted as to the date PRIDCO acquired indicia of ownership. PRIDCO further accepts the entities of sub-items a-j occupied lots of the REP during those dates to undertake the aforementioned operations. PRIDCO, however, was not at the site during these operations and therefore cannot affirm what activities did or did not occur there. As to the remaining allegations, denied.

13. The allegations contained in the thirteenth paragraph of the Amended Complaint are denied. Upon information or belief, the chemicals

purportedly released on the REP were not used in any of the businesses that operated on it. Moreover, no test results or evidence exists that such chemicals were present on the REP.

14. The allegations of the fourteenth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

15. The allegations of the fifteenth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

16. The allegations of the sixteenth paragraph of the Amended Complaint are accepted.

17. The allegations of the seventeenth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

18. The allegations of the eighteenth paragraph of the Amended Complaint are denied. One of the purportedly contaminated plumes of groundwater is located **below** the REP and, by Law, does not and cannot belong to PRIDCO. *See* PRIDCO's Motion to Dismiss, Docket #4. The remaining two plumes of groundwater are neither on, over or below the REP. Moreover, there is no contamination present on any of PRIDCO's property.

19. The allegations of the nineteenth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

20. The allegations of the twentieth paragraph of the Amended Complaint are denied. No contamination has been found on the REP and the purported chemicals allegedly released were, upon information or belief, not used in the operations undertaken on the REP. Moreover, the contamination occurred outside of the REP.

21. The allegations of the twenty-first paragraph of the Complaint are denied. No contamination has been found on the REP and the purported chemicals allegedly released were, upon information or belief, not used in the operations undertaken on the REP. Moreover, the contamination occurred outside of the REP.

22. The allegations of the twenty-second paragraph of the Complaint are denied. No contamination has been found on the REP and the purported chemicals allegedly released were not, upon information or belief, used in the operations undertaken on the REP. Moreover, the contamination occurred outside of the REP.

23. The allegations of the twenty-third paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

24. The allegations of the twenty-fourth paragraph of the Amended Complaint are denied.

25. The allegations of the twenty-fifth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

**CLAIM FOR RELIEF**

26. The allegations contained in the twenty-sixth paragraph of the Amended Complaint do not require a responsive pleading given that it is a restatement of allegations already answered.

27. The allegations contained in the twenty-seventh paragraph of the Amended Complaint are denied. One of the purportedly contaminated plumes of groundwater is located **below** the REP and, by Law, does not and cannot belong to PRIDCO. *See* PRIDCO's Motion to Dismiss, Docket #4. The remaining two plumes of groundwater are neither on, over or below the REP. Moreover, there is no contamination present on any of PRIDCO's property.

28. The allegations contained in the twenty-eighth paragraph of the Amended Complaint are denied.The chemicals purportedly released on the REP were not, upon information or belief, used in the businesses that operated on it. The chemicals, therefore, must have come from another contiguous property and be the responsibility of a third party.

29. The allegations of the twenty-ninth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

30. The allegations of the thirtieth paragraph of the Amended Complaint are denied due to a lack of information and/or belief upon which to form an opinion and responsive allegation.

31. The allegations of the thirty-first paragraph of the Amended Complaint are denied.

32. The allegations of the thirty-second paragraph of the Amended Complaint are denied.

### AFFIRMATIVE DEFENSES

A. PRIDCO re-alleges and incorporates by reference all the defenses previously raised.

B. The Complaint fails to state a cause of action against the appearing party upon which relief may be granted.

C. An indispensable Party is not present in this litigation.

D. PRIDCO has an indicia of ownership over the REP in order to protect a security interest. PRIDCO does not own the REP as to the definition of 42 U.S.C. § 9607(a)(1) under the exemption of 42 U.S.C. 9601(20)(E)(i).

E. The contamination occurred outside of the REP on a contiguous property. Based on this, PRIDCO raises the contiguous property defense of 42 U.S.C. § 9607(q).

F.     The contamination occurred due to the actions and/or negligence of a third party not present in the case at bar. PRIDCO raises the defense of 42 U.S.C. § 9607(b)(3).

G.     PRIDCO does not own any of the alleged three plumes of contaminated groundwater.

H.     The contamination was caused by an act of God/force majeure.

I.     PRIDCO is an "innocent landowner" as defined in 42 U.S.C. §§ 9601(35) and 9607(b)(3).

J.     In the alternative, the *de micromis* exemption applies to PRIDCO.

K.     In the alternative, PRIDCO raises the "divisibility of harm" defense in that two of the plumes of contaminated groundwater are not on, over or under the REP and therefore not the responsibility of PRIDCO.

L.      Defendants reserve the right to supplement or amend this answer, including through the addition of further affirmative defenses, based upon the course of discovery and proceedings in this action.

**WHEREFORE** it is respectfully requested from this Honorable Court to dismiss the Complaint against the PRIDCO with prejudice and that defendant be awarded costs and attorney's fees.

**I HEREBY CERTIFY** that on this day I filed the foregoing through the CM/ECF system, which will send an electronic notification to the counsel of all parties.

In San Juan, Puerto Rico, this 4th day of March, 2016.

**QUIÑONES & ARBONA, PSC**
PO Box 10906
San Juan, Puerto Rico  00922
☎Tel.787-620-6776
✉Fax. 787-620-6777


*s/ Víctor Candelario Vega*
Víctor Candelario-Vega
USDC-PR No. 220408
✉E-mail: vcandelario@qalawpr.com


*s/Giselle M. Martínez-Velázquez*
Giselle M. Martínez-Velázquez
USDC-PR No. 230402
✉E-mail:gmartinez@qalawpr.com

**S/ JUAN JOSÉ CHARANA AGUDO**
Juan José Charana-Agudo
USDC-PR No. 300914
✉E-mail: jcharana@qalawpr.com



**Compañía de Fomento Industrial de Puerto Rico**
PO Box 382350
San Juan, PR 00936-2350

**s/ Ana Palou Balsa**
USDC-PR No. 232013
E-mail: ana.palou@pridco.pr.gov