# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>PUERTO RICO INDUSTRIAL DEVELOPMENT COMPANY,<br><br>**Defendant.** | **Civil No.** 15-2328 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is Puerto Rico Industrial Development Company ("PRIDCO")'s motion for reconsideration. (Docket No. 164.) For the reasons set forth below, PRIDCO's motion for reconsideration is **DENIED**.

## I. Background

The United States commenced this action on September 25, 2015, asserting that PRIDCO is liable for all response costs "incurred by the [Environmental Protection Agency] in connection with the [Maunabo Area Groundwater Contamination Superfund Site]" pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. sections 9607 *et seq*. (Docket No. 1; Docket No. 8 at p. 7.) The Court granted the United States' motion to trifurcate this litigation into a Liability Phase ("Phase I"), a Cost Phase ("Phase II"), and a Contribution Phase

("Phase III").  (Docket No. 85.)

The Court held that PRIDCO is *prima facie* liable pursuant to CERCLA in Phase I.  United States v. P.R. Indus. Dev. Co., 287 F. Supp. 3d 133 (D.P.R. 2017) (Besosa, J.).[1]  The Court granted PRIDCO leave, however, to assert the third-party defense in Phase II.  Id. at 141, 153.  The third-party defense offered PRIDCO a potential reprieve from the strict-liability regime set forth in CERCLA.  Id. (citing Acushnet Co. 191 F.3d at 74 ("CERCLA, as we have said on other occasions, sketches the contours of a strict liability regime.")).

The United States and PRIDCO filed cross-motions for summary judgment regarding the third-party defense and costs.  (Docket Nos. 142 & 143.)  To invoke the third-party defense, PRIDCO had to establish by a preponderance of the evidence that "an act or omission of a third party other than an employee or agent of [PRIDCO], or than one whose act or omission occurs in connection with a contractual relationship" caused the groundwater contamination.  42 U.S.C. § 9607(b)(3); see, e.g., United States

---

[1] The United States prevailed in Phase I by establishing that:  (1) the property is a facility pursuant to section 107(b) of CERCLA, (2) PRIDCO falls within one of four categories of covered persons pursuant to section 107(a); (3) a release or threatened release occurred on the property; and (4) the release or threatened release caused the United States to incur response costs that are not inconsistent with the National Contingency Plan.  42 U.S.C. § 107; Acushnet Co. v. Mohasco Corp., 191 F.3d 69, 75 (1st Cir. 1999) ("By and large, a person who falls within one of the four categories defined in [section 107] is exposed to CERCLA liability.").

v. Domenic Lombardi Realty, Inc., 290 F. Supp. 2d 198, 209 (D.R.I. 2008) ("In order to take advantage of the [third-party] defense, Lombardi Realty must first meet the threshold burden of proving that the contamination at the Site was caused solely by an act or omission of a third party.") (internal citation and quotation omitted).  PRIDCO emphasized repeatedly that the source of contamination is unknown.  (Docket No. 143 at p. 45.)  This proposition only underscored that the third-party defense is inapplicable.  Accordingly, the Court granted the United States' motion for summary judgment regarding the third-party defense. United States v. P.R. Indus. Dev. Co., Case No. 15-2328, 2019 U.S. Dist. LEXIS 53194 (D.P.R. Mar. 25, 2019) (Besosa, J.).[2]

PRIDCO moves for reconsideration to "correct a clearly unjust outcome resulting from the Court's misapprehension of the applicable standards under Fed. R. Civ. P. 56 and their interaction with the third-party defenses under CERCLA."  (Docket No. 164 at p. 6.)  The arguments set forth in the motion for reconsideration are unavailing.

---

[2] The Court denied the United States' motion for summary judgment regarding costs, ordering the United States to "specify which response actions (e.g. removal actions, remedial actions) underlie the costs that PRIDCO is purportedly liable for in this action."  P.R. Indus. Dev. Co., 2019 U.S. Dist. LEXIS 53194 *28.

**II.  Legal Standard**

The Federal Rules of Civil Procedure "do not specifically provide for the filing of motions for reconsideration." Sánchez-Pérez v. Sánchez-González, 717 F. Supp. 2d 187, 193-94 (D.P.R. 2010) (Besosa, J.) (citation omitted).  The First Circuit Court of Appeals has held, however, that a motion requesting "the court to modify its earlier disposition of a case because of an allegedly erroneous legal result is brought under Fed. R. Civ. P. 59(e)." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 (1st Cir. 2005) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 59(e), a district court will alter its original order only if it "evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations." Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014) (citation omitted).  A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment." Iverson v. City of Bos., 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted).  In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004).  "As a general rule, motions for reconsideration should

only be exceptionally granted." Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.).

**III. Discussion**

PRIDCO misconstrues CERCLA, asserting that the United States failed "to meet its statutory obligation of identifying the location of the actual release or the source of the groundwater contamination within PRIDCO's property." (Docket No. 164 at p. 4.) The Court has reiterated throughout this litigation that "CERCLA contains no causation element." P.R. Indus. Dev. Co., 287 F. Supp. 3d at 133 (citing Prisco v. A & D Carting Corp., 168 F. 3d 593, 606 (2d Cir. 1999) ("No causation is needed, however, to establish liability under CERCLA.") (internal citation omitted)). The United States is under no "statutory obligation" to prove that PRIDCO's property is the source of the contamination. Docket No. 164 at p. 4.; see United States v. Fairchild Indus., Inc., 766 F. Supp. 404, 415 (D. Md. 1991) ("The government need not trace each defendant's waste to a specific release and response.").

To escape liability, PRIDCO shouldered the burden of establishing that a third-party's actions or omissions were the sole cause of the contamination. 42 U.S.C. § 9607(b)(3). Instead of proving that a third-party caused the release of hazardous substances, however, PRIDCO speculates that the groundwater contamination originated from the Navarro property. (Docket No.

164 at p. 10.) The third-party defense cannot rest on speculation and conjecture. See Kelly v. Thomas Solvent Co., 727 F. Supp. 1532, 1540 (W.D. Mich. 1989) (holding that defendants could not avail themselves of the third-party defense because they "have not shown any evidence, nor have they argued, that a third party was the sole cause of the release and concomitant harm"); Fairchild Indus., 766 F. Supp. at 411 ("Congress did not intend there to be a general third-party defense; instead, a party must allege and prove a specific set of facts [among which are]: that the third party was the sole cause of the release; [and] that the third party was not an employee or agent of the defendant."). Because PRIDCO does not set forth an intervening change in the law, a manifest error of law, or newly discovered evidence, its motion for reconsideration is **denied.** Docket No. 164; see Biltcliffe, 772 F.3d at 930.

**IV. Conclusion**

For the reasons set forth above, PRIDCO's motion for

reconsideration is **DENIED**.  (Docket No. 164.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, May 13, 2019.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE